IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

**DAVID DEWAYNE PARSON,**

  Petitioner,

v.

**UNITED STATES OF AMERICA,**

  Respondent.

**No. 12-CV-4117-DEO**

**ORDER**

---

## I. INTRODUCTION

This matter is before this Court on the Government's Motion to Dismiss Petitioner David Parson's [hereinafter Mr. Parson] 28 U.S.C. § 2255 Petition. Docket No. 14. The parties appeared for hearing on April 14, 2014. After listening to the parties' arguments, the Court took the matter under consideration and now enters the following.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2006, the grand jury returned an indictment against Mr. Parson on two charges related to the distribution of methamphetamine. On May 11, 2007, Mr. Parson appeared before this Court to plead guilty to Counts 1 and 2. 06-CR-4028-DEO-1, Docket No. 44.

On November 20, 2007, this Court sentenced Mr. Parson to 235 months incarceration on each count, to be served concurrently. 06-CR-4028-DEO-1, Docket No. 60. Mr. Parson appealed his sentence to the 8th Circuit Court of Appeals. The 8th Circuit vacated Mr. Parson's sentence and remanded for resentencing. United States v. Parson, 343 F. App'x 163, 165 (8th Cir. 2009). This Court subsequently re-sentenced Mr. Parson to 175 months incarceration on each count to run concurrently. 06-CR-4028-DEO-1, Docket No. 93.

Mr. Parson filed the present 28 U.S.C. § 2255 petition December 31, 2012. Docket No. 1. On January 2, 2013, this Court entered an Initial Review Order allowing Mr. Parson's case to proceed and appointed counsel. Docket No. 2. In his pro se filing, Mr. Parson made two primary arguments. First, that he was denied effective assistance of counsel because counsel did not object to the drug quantities attributed to him at sentencing. Second, he argues the government acted in bad faith by offering Mr. Parson only limited use immunity.

On April 4, 2013, Mr. Parson's appointed counsel filed a motion to withdraw and a brief pursuant to Anders v. State of California, 386 U.S. 738 (1967). Docket No. 11. This Court

2

denied the motion to withdraw and gave Mr. Parson the opportunity to file a pro se reply. Docket No. 13. Shortly there after, the Government filed the present Motion to Dismiss. Docket No. 14. The Court held a hearing on the Government's motion on April 24, 2014, where Mr. Parson's previous counsel, attorneys Craig Lane and Joseph Flannery, testified. Docket No. 23.

III. **STANDARDS**

A. **Motion to Dismiss Standard**

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. See <u>United States v. Oldham</u>, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. See <u>Payne v. United States</u>, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255] if (1) the ... allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

3

statements of fact." Engelen v. United States, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); see also Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); United States v. Hester, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Standing Bear v. United States, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam). See also Hessman v. United States, C08-3052-LRR, 2012 WL 10486 (N.D. Iowa Jan. 3, 2012), appeal dismissed (June 21, 2012).

**B. § 2255 Standard**

Section 2255 of Title 28 of the United States Code provides four general grounds for relief:

4

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); Bear Stops v. United States, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal Habeas corpus.'" United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993) (quoting Davis v. United States, 417

5

U.S. 333, 343, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)); accord Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995) (quoting Wilson).

One "well established principle" of § 2255 law is that "'[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" Theus v. United States, 611 F.3d 441, 449 (8th Cir. 2010) (quoting United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001)); Bear Stops, 339 F.3d at 780. One exception to that principle arises when there is a "miscarriage of justice," although the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme Court has not extended the exception beyond situations involving actual innocence. Wiley, 245 F.3d at 752 (citing cases, and also noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.'" (citations omitted)). Just as § 2255 may not be used to relitigate issues raised and decided on direct appeal, it also ordinarily "is not available

6

to correct errors which could have been raised at trial or on direct appeal." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam ). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in Habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (internal quotations and citations omitted).

"Cause and prejudice" to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, as defined by the [Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)] test, discussed below. Theus, 611 F.3d at 449. Indeed, Strickland claims are not procedurally defaulted when brought for the first time pursuant to § 2255, because of the advantages of that form of proceeding for hearing such claims. Massaro v. United States, 538 U.S. 500 (2003). Otherwise, "[t]he Supreme Court recognized in Bousley that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default.'" United States v.

Moss, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting Bousley, 523 U.S. at 622, with emphasis added, in turn quoting Reed v. Ross, 468 U.S. 1, 16 (1984)). The "actual innocence" that may overcome either procedural default or allow relitigation of a claim that was raised and rejected on direct appeal is a demonstration "'that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [the petitioner].'" Johnson v. United States, 278 F.3d 839, 844 (8th Cir. 2002) (quoting Bousley, 523 U.S. at 623); see also House v. Bell, 547 U.S. 518, 536–37 (2006). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the challenged offense].'" Id. (quoting McNeal v. United States, 249 F.3d 747, 749–50 (8th Cir. 2001)).

**IV. ISSUES**

The Government's primary argument is that Mr. Parson's claim is time barred. The Government also argued during the hearing that Mr. Parson's petition should fail on the merits because his trial counsel did object to the drug quantities at his sentencing and because the Government properly used Mr. Parson's own admissions regarding drug quantity against him.

8

## V. ANALYSIS

### A. Statute of Limitations

The Government's first argument is that Mr. Parson's petition is time barred.

> the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. See <u>Johnson v. United States</u>, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)) (applicable to section 2254 petitions); see also <u>United States v. Martin</u>, 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions).

<u>Muhammad v. United States</u>, 735 F.3d 812, 815 (8th Cir. 2013). The chronology of Mr. Parson's case makes clear that he filed the present petition outside the applicable statute of limitations. As set out in the Government's Motion:

> [a]mended Judgment was entered and filed on December 23, 2009. (CrD 93). Movant did

9

> not appeal. Movant's 14-day deadline to file an appeal expired on January 6, 2010, therefore the time limitation for purposes of § 2255 began January 7, 2010. Movant did not file his § 2255 motion on or before the expiration of the one-year deadline, January 7, 2011. In fact, Movant filed his current motion (CvD 1) on December 31, 2012, substantially later than one year after the final judgment of conviction.

Docket No. 14, p. 3-4. Mr. Parson seemingly conceded this point but argued that the statute of limitations should be equitably tolled. As set out in his counsel's <u>Anders</u> brief:

> Mr. Parson urges that the statute of limitations should be equitably tolled for the following reasons: (1) Mr. Parson was incarcerated during the time that he was preparing his pro se motion; (2) Mr. Parson was diligently pursuing his case from the time of his second sentencing hearing (See <u>United States v. Martin</u>, 408 F.3d 1089, 1092 (8th Cir. 2005)); (3) Mr. Parson was without the assistance of counsel; (4) Mr. Parson was unable to access the records of his underlying case necessary to prepare his motion despite his diligent efforts (See <u>United States v. Martin</u>, 408 F.3d 1089, 1095 (8th Cir. 2005)); and (5) Mr. Parson is not educated or well informed about the legal issues that are the subject of his motion.

Docket No. 12, p. 6.

Unfortunately for Mr. Parson, the reasons he relies upon in urging equitable tolling are the exact type of ordinary

10

jail house delays that do not qualify as extraordinary circumstances.  The 8th Circuit has stated that equitable tolling was not proper when an unrepresented prisoner claimed lack of legal resources.  <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000).  The 8th Circuit has found that segregation in special housing with minimal resources and access to the outside world is not ground for equitable tolling.  <u>Muhammad</u>, 735 F.3d at 815.  The 8th Circuit has stated that a mistake about whether an attorney was helping file for habeas relief is not grounds for equitable tolling.  <u>Id.</u> at 815-16.  It goes with out saying the vast majority of prisoners are laymen when it comes to the filing of legal documents.  However, such ignorance, although common and genuine, does not amount to the type of extraordinary circumstance that would activate equitable tolling.

Finally, Mr. Parson alleges he did not have access to his legal papers.  All prisoners encounter some hindrances in obtaining their paper work.  For better or worse, that is the typical jail house experience.  The question is whether such delay is extraordinary.  In this case, Mr. Parson has failed to allege that his inability to access legal papers was truly

11

extraordinary. As stated by the Government, "[m]ovant merely makes a statement that he didn't receive any records from former counsel until mid 2011. Even if that was the case, Movant waited approximately 18 months after receiving his case file from former counsel to file his pro se § 2255 motion." Docket No 14, p. 2-3. The 8th Circuit has made clear that routine delays caused by once or future counsel do not waive the statute of limitations. Once or future counsel's actions must be, at least somewhat, duplicitous if they are to be considered extraordinary. There is no such allegation in this case. Because Mr. Parson's reasons for delay are either typical problems encountered by inmates or have been previously been found to be non-extraordinary by the 8th Circuit, Mr. Parson has failed to show that equitable tolling should apply in his case. Accordingly, the one year statute of limitations applies and his claim is time barred.

**B. Merits**

Because Mr. Parson's claims are time barred, the Court need not reach them. However, since it is clear that even if Mr. Parson's claims were not time barred they would still fail, the Court will briefly address them.

In his first argument, Mr. Parson argues that his trial counsel was ineffective for failing to object to the drug quantities at the time of sentencing. However, as set out in his counsel's <u>Anders</u> brief, "[a] careful review of the pre-sentence report and the transcript for the sentencing hearing in this matter reveals that Mr. Parson's counsel did file objections to the quantities attributed to Mr. Parson in the pre-sentence report and that counsel for Mr. Parson reiterated these objections orally at the sentencing hearing." Docket No. 12, p. 7. Additionally, the 8th Circuit previously considered the issue of Mr. Parson's drug quantity and concluded that it was correctly calculated. <u>Parson</u>, 343 F. App'x at 165. Accordingly, Mr. Parson's claim is baseless. His attorney did in fact challenge the drug quantities, and the issue is moot because the quantities were correctly calculated.

Mr. Parson's second claim has slightly more merit, if only because it exposes the fact that although all the defendants are encouraged to cooperate with the Government, such cooperation sometimes backfires.

13

Mr. Parson gave a proffer statement where he admitted a lot of incriminating information about his own involvement in the drug trade. Mr. Parson had an agreement with the government that such information could not be used against him at the time of trial. Mr. Parson states that his proffer agreement is an immunity agreement, and under that agreement his statement should not have been used against him. In essence Mr. Parson argues that he had, or should have had, a USSG §1B1.8 agreement, which could have prohibited the Government from using his own statements against him when calculating his sentencing guideline range. However, the agreement Mr. Parson entered into makes clear that his statements could be used against him in a sentencing proceeding. Docket No. 20. Subsection F sets that out clearly. Because he pled guilty, his statements were never used against him at trial, they were only used against at a sentencing. Accordingly the Government's use was completely in accordance with the agreement.

What the Government did in Mr. Parson's case may not seem fair, and possibly has a chilling effect on other defendants giving fully honest proffer statements. As Mr. Parson's

14

counsel stated in her Anders brief, both this Court and Judge Bennett have been critical of similar practices in the past. However, the 8th Circuit has made clear the Government can make its own determinations about what immunity to extend in an agreement and the district court cannot vary simply because it would have acted differently. See United States v. Buckendahl, 251 F.3d 753, 764 (8th Cir. 2001). Accordingly, Mr. Parson has failed to show any type of bad faith on the part the of the AUSAs that would entitle him to habeas relief.

**VI. CONCLUSION**

For the reasons set out above, the Government's Motion to Dismiss, Docket No. 14, is GRANTED, and Mr. Parson's case is dismissed.

**IT IS SO ORDERED** this 14th day of August, 2015.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa